RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/4/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| GEORGE TIMOTHY ELLIOTT | CIVIL ACTION NO. 12-514 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MARK K. SUTTON | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM OPINION

Pending before the Court is the Appeal of George Timothy Elliott ("Elliott") from the January 17, 2012 "Order Converting Case to Chapter 7" [Doc. No. 1-4] issued by the United States Bankruptcy Court in *In re Elliott*, No. 11-31504. Appellee, Mark K. Sutton, Chapter 7 Trustee, did not file a response. For the following reasons, the Bankruptcy Court's orders denying Elliott's Motion to Dismiss and converting his Chapter 13 case into a Chapter 7 case are AFFIRMED, and Elliott's Appeal is DISMISSED.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On August 11, 2011, Elliott filed a Chapter 13 Petition in the Monroe Division of the United States Bankruptcy Court of the Western District of Louisiana. [Bankr. Doc. No. 1].[1] At a hearing on November 3, 2011, Judge Henley A. Hunter denied confirmation of Elliott's Chapter 13 Plan and, on November 16, 2011, issued an "Order to Appear and Show Cause why his case should not be dismissed or converted to a case under Chapter 7." [Tr. of Hr'g re Obj. to Conf. of Plan, Bankr. Doc.

---

[1] The abbreviation, "Bankr. Doc," refers to documents in the Bankruptcy Court's Record. *See In re Elliott*, Bankr. Pet. No. 11-31504 (Bankr. W.D. La.).

No. 24; Order Denying Conf. of Chap. 13 Plan, Bankr. Doc. No. 19; Order to Appear and Show Cause, Bankr. Doc. No. 21].

On November 28, 2011, Elliott filed a Motion to Dismiss his Chapter 13 Petition [Bankr. Doc. No. 23], which the Bankruptcy Court denied on November 29, 2011. [Bankr. Doc. No. 25]. On December 1, 2011, Elliott's attorney, Elijah Orum Young ("Young"), withdrew from the case. On December 19, 2011, Elliott's new attorney, James Rountree ("Rountree"), filed a second motion to dismiss [Bankr. Doc. No. 33], which the Bankruptcy Court denied on December 20, 2011. [Bankr. Doc. No. 36].

On January 12, 2012, the Bankruptcy Court held a Hearing on its "Order to Appear and Show Cause why this case should not be dismissed or converted to Chapter 7" (the "Show Cause Hearing"). [Tr. for Show Cause Hr'g, Doc. No. 10]. At the Show Cause Hearing, Judge Hunter found that sufficient grounds existed to find that Elliott had not filed for bankruptcy in good faith and to justify converting his case to Chapter 7. [*Id.* at 12-25]. Accordingly, on January 17, 2012, the Bankruptcy Court issued its "Order Converting Case to Chapter 7." [Doc. No. 1-4]. On January 30, 2012, Elliott timely filed a Notice of Appeal of the order. [Doc. No. 1]. Elliott filed his Appellate Brief [Doc. No. 11] on April 5, 2012. The appellee did not file a response brief.

## II. LEGAL STANDARD

This Court has jurisdiction over Elliott's appeal from the bankruptcy court's order pursuant to 28 U.S.C. § 158(a). In this regard, a district court functions as an appellate court, reviewing the bankruptcy court's findings of fact for clear error and the bankruptcy court's conclusions of law *de novo*. *In re Eldercare Properties, Ltd.*, 568 F.3d 506, 515 (5th Cir. 2009). A court "by definition abuses its discretion when it makes an error of law." *In re Superior Crewboats, Inc.*, 374 F.3d 330,

2

334 (5th Cir. 2004) (citations omitted); *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005) ("An abuse of discretion occurs where the bankruptcy court '(1) applies an improper legal standard or follows improper procedures . . ., or (2) rests its decision on findings of fact that are clearly erroneous.'") (citation omitted).

### III. DISCUSSION AND ANALYSIS

In his brief, Elliott contends that the Bankruptcy Court was clearly erroneous in finding that he filed under Chapter 13 in bad faith and that it abused its discretion when it denied his motion to dismiss and converted his case to a Chapter 7 proceeding.

#### A. The Bankruptcy Court's Finding of Bad Faith

Elliott challenges the Bankruptcy Court's factual finding that he acted in bad faith as clearly erroneous. He contends instead that the numerous inaccuracies in his signed Chapter 13 filing merely indicate negligent preparation. [Doc. No. 11, pgs. 2-3].

"Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." BANKR. R. 8013. "A bankruptcy court's determination that a debtor has acted in bad faith is a finding of fact reviewed for clear error." *In re Jacobsen*, 609 F.3d 647, 652 (5th Cir. 2010) (citations omitted). The reviewing court "must be 'left with the definite and firm conviction that a mistake has been made,' before [it] will disturb the bankruptcy court's factual findings." *In re Acosta*, 406 F.3d 367, 373 (5th Cir. 2005) (quoting *Otto Candies, L.L.C. v. Nippon Kaiji Kyokai Corp.*, 346 F.3d 530, 533 (5th Cir. 2003)). "If the bankruptcy court's account of the evidence is plausible in light of the record reviewed as a whole, [the reviewing court] will not reverse it." *In re Acosta*, 406 F.3d at 373 (citing *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)).

3

"As long as there are two permissible views of the evidence, [the reviewing court] will not find the factfinder's choice between competing views to be clearly erroneous." *Id.*

In its Show Cause Hearing, the Bankruptcy Court cited the following issues in Elliott's Chapter 13 filing as evidence of his lack of good faith: Elliott's failure to disclose that he was married and, thus, his spouse's income; Elliott's disclosure that he had transferred a half interest in a vehicle to his spouse, despite the fact that he had filed as unmarried; Elliott's failure to disclose his ownership interests in both a prior and current business; and discrepancies between Elliott's Chapter 13 filing and his 2010 income tax return as to his income and claimed dependents. [Doc. No. 10, pgs. 12-18].

Elliot attributes the issues identified by the Bankruptcy Court to his own negligence and that of Young's legal assistant. [Doc. No. 11, p. 3]. Elliott contends that his lack of sophistication and reliance on counsel to prepare his bankruptcy filing should excuse his filing's inaccuracies and omissions. [*Id.*, pgs. 2-3, 5-6]. Rountree acknowledged at the Show Cause Hearing that the "schedules, admittedly, are filled with mistakes and omissions," but pointed out that "there is no evidence of any intent to mislead the Court or anybody else." [Doc. No. 10, pgs. 19-20].

The Fifth Circuit has articulated a "totality of the circumstances" test for bankruptcy courts to apply in determining whether a Chapter 13 plan was filed in good faith. *In re Stanley*, 224 F. App'x. 343, 346; 2007 U.S. App. LEXIS 7344 (5th Cir. 2007) (unpubl.) (citing *In re Chaffin*, 816 F.2d 1070, 1073 (5th Cir. 1987) ("Chaffin I"), *modified*, *In re Chaffin*, 836 F.2d 215, 216-17 (5th Cir. 1988) ("Chaffin II")). The test includes the following factors:

> (1) the reasonableness of the proposed repayment plan, (2) whether the plan shows an attempt to abuse the spirit of the bankruptcy code, (3) whether the debtor genuinely intends to effectuate the plan, (4) whether there is any evidence of

4

misrepresentation, unfair manipulation, or other inequities, (5) whether the filing of the case was part of an underlying scheme of fraud with an intent not to pay, (6) whether the plan reflects the debtor's ability to pay, and (7) whether a creditor has objected to the plan.

*In re Stanley*, 224 F. App'x. at 346. Although the Bankruptcy Court did not explicitly state that it was considering the individual factors listed above, "the Supreme Court has instructed that a court is not required to make a 'formulary statement' that it considered the relevant facts 'individually and cumulatively' in applying the totality of the circumstances test." *Id.* at 347 (quoting *Early v. Packer*, 537 U.S. 3, 9 (2002)). Rather, it will suffice that the "fair import" of the bankruptcy court's analysis is that it considered each factor and considered them all "*in toto*." 224 F. App'x. at 347.[2]

The record does not indicate that the Bankruptcy Court's bad faith determination was clearly erroneous. The Bankruptcy Court had ample evidence in the record and heard testimony from Elliott on two occasions.[3] During the Show Cause Hearing, Judge Hunter's recital of numerous inaccuracies and omissions in Elliott's Chapter 13 filing are sufficient to show that Elliott made misrepresentations in his Chapter 13 filing. [Doc. No. 10, pgs. 12-18]; *see Marrama*, 549 U.S. at 373 (noting that the bankruptcy laws were designed to protect the class of "honest but unfortunate debtors"). Additionally, a secured creditor objected to the plan on the grounds that the plan did not propose to pay the creditor any arrearages that it was owed. [Obj. to Conf. of Plan, Bankr. Doc. No. 16]. Finally, on November 3, 2011, the Bankruptcy Court found sufficient cause to deny

---

[2]The Supreme Court has declined to adopt a standard for bad faith in a bankruptcy proceeding, suggesting instead that, "[i]t suffices to emphasize that the debtor's conduct must be atypical." *Marrama v. Citizens Bank*, 549 U.S. 365, 375 n.11 (2007) (limiting its discussion to conduct sufficient to permit a bankruptcy judge to dismiss a Chapter 13 case or to deny conversion from Chapter 7).

[3]Elliott testified at the November 3, 2011 confirmation hearing for his Chapter 13 Plan [Bankr. Doc. No. 24] and at the January 12, 2012 Show Cause Hearing. [Doc. No. 10].

5

confirmation of Elliott's Chapter 13 Plan [Bankr. Doc. No. 19] on the grounds that Elliott did not file for Chapter 13 in good faith.[4] [Tr. of Hr'g re Obj. to Conf. of Plan, Bankr. Doc. No. 24, p. 27]. After giving the reasons for his findings at the Show Cause Hearing, Judge Hunter stated, "[W]e cannot allow people to appear in the courtroom and brush off this many discrepancies in their statement and schedules as somebody else's fault . . . we can't do that and have the system work at all." [Doc. No. 10, p. 25].

The Court finds that Judge Hunter's oral findings [Bankr. Doc. No. 24; Doc. No. 10] show that the "fair import" of the Bankruptcy Court's analysis is that it considered each of the factors listed in *Stanley*. Thus, under the facts and circumstances of this case, the Bankruptcy Court was not clearly erroneous in determining that Elliott filed for Chapter 13 in bad faith.

**B.     Elliott's Motion to Dismiss pursuant to 11 U.S.C. § 1307(b)**

Elliott also contends that this Court should review *de novo* the Bankruptcy Court's denial of his motion to dismiss filed pursuant to 11 U.S.C. § 1307(b) before it converted his Chapter 13 case to Chapter 7.

Section 1307(b) provides that: "On request of the debtor *at any time*, if the case has not been converted under [11 U.S.C. § 706, 1112, or 1208], the court shall dismiss a case under this chapter [11 U.S.C. § 1301, *et seq*]." (emphasis added). Regarding a court's decision to convert a Chapter 13 proceeding to Chapter 7, 11 U.S.C. § 1307(c) provides that "*[O]n request of a party in interest or the United States trustee* and after notice and a hearing, the court may convert a case under this chapter to a case under Chapter 7 of this title . . . *for cause* . . . ." (emphasis added). The bankruptcy court's "decision to convert a Chapter 13 case to Chapter 7 under § 1307(c) is reviewed for abuse

---

[4]Elliott's Appeal does not challenge the Court's denial of his Chapter 13 Plan.

6

of discretion." *In re Jacobsen*, 609 F.3d at 652 (citation omitted).

Elliott contends that the Bankruptcy Court abused its discretion when it denied his motion to dismiss and *sua sponte* issued a conversion order after determining that he filed for Chapter 13 in bad faith. Elliott relies on *In re Jacbosen*, a recent Fifth Circuit case that analyzed, as an issue of first impression, "whether there is an exception to a debtor's right to dismiss under § 1307(b) for bad faith conduct or abuse of process." *Id.*; *see* [Doc. No. 11, pgs. 1, 4]. In *Jacobsen*, the Fifth Circuit held that a debtor's request for dismissal pursuant to §1307(b) is subject to an exception for bad faith when the request is made in response to a motion to convert under §1307(c). 609 F.3d at 661. Elliott points out that his case is distinguishable from *Jacbosen* because he did not file his motion to dismiss in response to a motion to convert. [Doc. No. 11, p. 4].

Although no party filed a motion to convert in the bankruptcy proceeding, the Bankruptcy Court's reliance on *In re Hammers*, 988 F.2d 32 (5th Cir. 1993), supports its decision to *sua sponte* convert Elliott's case to Chapter 7 based on its finding that Elliott filed for bankruptcy in bad faith. *See* [Doc. No. 10, p. 13]. In *Hammers*, the Fifth Circuit held that, although the Bankruptcy Code does not expressly prescribe for *sua sponte* dismissal or conversion for ineligibility, the provisions of 11 U.S.C. § 105(a)[5] accommodate such a result. 988 F.2d at 34-35. Thus, in the Fifth Circuit,

---

[5]Title 11 U.S.C. § 105(a) provides that

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an *abuse of process*.

(emphasis added).

7

a bankruptcy court may *sua sponte* convert a case to Chapter 7 based on its power to prevent an abuse of process pursuant to § 105(a). Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion in *sua sponte* converting Elliott's Chapter 13 case to Chapter 7 based on its finding that Elliott filed in bad faith.

## IV. CONCLUSION

Under the facts and circumstances of this case, the Court finds that the Bankruptcy Court was not clearly erroneous in finding that Elliott filed for Chapter 13 in bad faith. The Court also finds that the Bankruptcy Court's *sua sponte* conversion of Elliott's Chapter 13 proceeding to Chapter 7 was not an abuse of discretion.

Accordingly, the Bankruptcy Court's orders denying Elliott's Motion to Dismiss [Bankr. Doc. No. 36] and converting Elliott's Chapter 13 case to a Chapter 7 case [Doc. No. 1-4] are AFFIRMED, and Elliott's appeal is DISMISSED.

MONROE, LOUISIANA, this 4 day of June, 2012.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE